**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HOUSING OPPORTUNITY PARTNERS REO, LLC, A DELAWARE LIMITED LIABILITIES COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES K. JACKSON & BRENDA R. JACKSON | |
| Appellants | No. 768 MDA 2016 |

Appeal from the Order Entered May 2, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 13-1961

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 04, 2017**

Charles K. Jackson and Brenda R. Jackson (the Jacksons) appeal from the order entered in the Court of Common Pleas of Berks County, which granted summary judgment in favor of Housing Opportunity Partners REO, LLC (Housing Opportunity).  Upon review, we affirm.

The trial court summarized the facts of this matter as follows:

> On December 6, 1996, [the Jacksons] executed a promissory note ("Note") and Mortgage on the property at 1326 Carbon Street, Reading, Pennsylvania 19601 ("Property").   Both documents were recorded in the Berks County Recorder of Deeds on December 12, 1996.  The Lender was National Penn Bank. On November 29, 2011, the Mortgage and Note were assigned to U.S. Bank National Association, as Trustee of the Security National Mortgage Loan Trust 2005-1 ("U.S. Bank").   The Assignment was recorded in the Berks County Recorder of Deeds on December 13, 2011.

U.S. Bank filed a [c]omplaint for mortgage foreclosure against [the Jacksons] on February 12, 2013. It alleged [the Jacksons] defaulted under the Mortgage by failing to make payments due December 21, 2007[,] and each month thereafter. Service of the Complaint and Urgent Notice regarding the mortgage foreclosure diversion program was made upon Defendants on February 14, 2013. [The Jacksons] filed an [a]nswer to the [c]omplaint on March 19, 2013. The [a]nswer consisted of admissions, general denials—mostly regarding the calculation of sums alleged to be due—and affirmative defenses that consisted of conclusions of law. On April 1, 2013, Housing Opportunity replied to the new matter.

On August 29, 2013, a [p]raecipe for [v]oluntary [s]ubstitution of [p]laintiff was filed naming Housing Opportunity as the new [p]laintiff on the grounds that the Mortgage and Note were assigned to [Housing Opportunity] by assignment dated July 26, 2013[,] and recorded on August, 15, 2013.

On December 30, 2013, [Housing Opportunity] filed its motion for summary judgment with a certificate indicating service had been made on [the Jacksons'] counsel on December 2, 2013. With no answer to the motion for summary judgment having been filed, [Housing Opportunity] filed a motion to grant [its] motion for summary judgment on October 7, 2014. The Honorable Timothy J. Rowley, on behalf of the undersigned, granted summary judgment on October 10, 2014.

Alleging champerty, [the Jacksons] filed a [p]etition to [s]et [a]side [s]ummary [j]udgment on October 24, 2014. . . . Judge Rowley granted the [petition], vacated the October 10, 2014 summary judgment order, ordered defendant to file an answer to the motion for summary judgment and brief within 30 days, and scheduled oral argument on the motion for summary judgment, [which] was ultimately scheduled for May 2, 2016.

After May 2, 2016[,] argument, which was held on the record, the court granted the [Housing Opportunity's] [m]otion for [s]ummary [j]udgment.

Trial Court Opinion, 6/14/16, at 1-3 (footnote omitted).

This appeal followed, in which the Jacksons raise the following issue for our review:

Did the court of common pleas commit error when it granted summary judgment for [Housing Opportunity] when [Housing Opportunity] had clearly committed champerty when it substituted itself as plaintiff in ongoing litigation, thereby preventing the relief sought from being granted?

Brief of Appellant, at 4.

We begin by stating our standard and scope of review of an order granting summary judgment:

Our scope of review is plenary, and our standard of review is the same as that applied by the trial court. . . . An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***LEM 2Q, LLC v. Guar. Nat. Title Co.***, 144 A.3d 174, 178 (Pa. Super. 2016) (en banc) (citation omitted).

The issue presented in this matter is whether Housing Opportunity is properly a party to this case via the assignment from U.S. Bank. It is undisputed that Housing Opportunity was assigned the interest that U.S. Bank held in the property. Accordingly, the only issue before us is whether

the assignment was champertous, which can be determined as a matter of law instantly.

An agreement meeting the definition of champerty is "one in which a person having otherwise no interest in the subject matter of an action undertakes to carry on the suit at his own expense in consideration of receiving a share of what is recovered." *WFIC, LLC v. LaBarre*, 148 A.3d 812, 818-19 (Pa. Super. 2016) (quoting *Belfonte v. Miller*, 243 A.2d 150, 152 (Pa. Super. 1968)).

Instantly, it cannot be said that Housing Opportunity "otherwise had no interest" in this case prior to the assignment of U.S. Bank's interest in the property, since the entire interest was transferred to Housing Opportunity (presumably in a transaction in the ordinary course of the business of these institutions). Housing Opportunity is merely the latest assignee and owner of the Mortgage and Note, a fact that the Jacksons do not dispute. Accordingly, Housing Opportunity is the real party in interest in this matter and the Jacksons' argument is without legal merit. *LEM 2Q*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/2017

- 4 -